*Hartford,*
*June, 1818.*

Church
*v.*
Knox.

---

## STANTON *against* BUTTON.

THIS was an action of ejectment, tried at *Norwich,* *January* term 1818, before *Swift,* Ch. J. and *Brainard* and *Goddard,* Js.

The plaintiff claimed title by virtue of the levy of an execution, in his favour against *Shapley Morgan,* on the demanded premises. The defendant claimed as tenant under *Seth Stoddard.* To establish *Stoddard's* title, the defendant offered in evidence a deed from *Shapley Morgan* to *Stoddard,* given before the levy of the plaintiff's execution. To this deed there was a certificate, in the following words, *viz.:* " *New-London* county, *ss. Griswold, November* 29th, 1815. Personally appeared *Shapley Morgan,* signer to the above and within written instrument,                     to be his free act and deed, before me,

         *Alexander Stewart,* Justice of Peace."

The plaintiff objected to the admission of the deed in evidence, on the ground that the certificate of acknowledgment before justice *Stewart,* was informal, and did not conduce to prove that the deed was ever acknowledged by the grantor;

A deed of land, without a proper certificate of the grantor's acknowledgment, is inadmissible as evidence of title.

Where the certificate was— *Personally appeared A. B. signer of the above instrument,*

*to be his free act and deed, before me, C. D. Justice of Peace;* it was held, that these words imported no acknowledgment, and that the

omission could not be supplied by intendment or construction.

*Hartford,*
*June, 1818.*

Stanton
*v.*
Button.

and that such acknowledgment must be proved, by the certificate only. The court excluded the deed; and the plaintiff obtained a verdict. The defendant moved for a new trial, on the ground that the evidence offered was improperly rejected. This motion was reserved in the usual manner.

*Brainard,* in support of the motion, contended, that the deed ought to have been admitted, 1. Because the certificate was evidence of an acknowledgment. Its object and meaning cannot be mistaken. The court will give it effect *ut res magis valeat quam pereat.* The omission of the word " acknowledged" is evidently a mere clerical mistake. No other word —or rather, no word of a different import—can be supplied. In many instances, have courts, on the principle alluded to, given the intended effect to instruments, containing greater mistakes than the one in question. *Bache & al.* v. *Proctor, Dougl.* 382. 384. *Spyve* v. *Topham,* 3 *East* 115. *Jackson* d. *Hardenburgh & al.* v. *Schoonmaker,* 2 *Johns. Rep.* 230. 233. *Bridge* v. *Wellington,* 1 *Mass. Rep.* 219. *Catlin* v. *Ware,* 9 *Mass. Rep.* 218. 220.

2. Because the deed, without acknowledgement, was good to pass the title, as between the grantor and grantee. 1 *Stat. Conn. tit.* 162. *c.* 1. *s.* 4. It was equally good as against a purchaser, or a subsequent levying creditor, having notice. *Marshall* v. *Fisk,* 6 *Mass. Rep.* 24. The fact, that the plaintiff in this case had notice, might be made out, by further evidence.

3. Because the deed was, at any rate, evidence, *as far as it went.* The acknowledgment, admitting it to be necessary, might be proved by a separate writing, or even by parol. If the evidence of acknowledgment, which the defendant offered, was not satisfactory to the court, it was no reason why they should reject the *deed,* which was in due form, and *conduced to prove title.*

The counsel on the other side was stopped by the Court.

SWIFT, Ch. J. A court cannot, by intendment or construction, fill a blank, or supply a word. They can only decide on the meaning and import of the words made use of. Here the words made use of can only import, that the person appearing before the justice of the peace, was the signer

and sealer of the deed : they do not import that he *acknowledged* it, nor are they equivalent to such word. The certificate, then, cannot be made to contain an acknowledgment of the deed, without supplying the word, or supposing the blank to be filled with the word " acknowledged." As this cannot be done, the certificate was no evidence ; and the deed was properly rejected by the court.

I think, therefore, that a new trial ought not to be granted.

The other Judges were of the same opinion.

New trial not to be granted.