APPLICATION OF JOSEPH WILLMANN ET AL., TRUSTEES
    IN LIQUIDATION OF THE DERBY MANUFACTURING
    COMPANY.

Third Judicial District, New Haven, January Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In view of the express prohibitions contained in the federal statutes
    (U. S. Comp. Stat., 1916, Vol. 6, §§ 5947, 5948), the Superior
    Court has no jurisdiction, upon the application of the directors
    of a corporation, acting as trustees in its liquidation under General
    Statutes, §§ 3447, 3448, to ascertain the amount due the United
    States for taxes, or to prevent the collection of taxes claimed by
    the United States; but the directors will be ordered to pay the
    amount computed to be due by the United States, and then to
    take such steps in accordance with the federal laws and rulings
    as may be necessary to secure a refund of amounts improperly
    paid.

Argued January 25th—decided March 11th, 1921.

APPEAL from an order and decree of the Superior
Court in New Haven County, *Webb, J.,* adjudging that
it had no jurisdiction to hear and determine the claims
of the United States for taxes alleged to be due from
the Derby Manufacturing Company, but requiring the
trustees in liquidation of said Company to pay such
claims as the Commissioner of Internal Revenue
should determine to be due, and authorizing them to
sue for the refunding of any tax so paid. *No error.*

The applicants are trustees in liquidation of the
Derby Manufacturing Company, acting under the
provisions of the General Statutes, § 3447, who, as
such trustees, had made an application to the Superior
Court under § 3448 of the General Statutes, for an
order restraining James J. Walsh, Collector of Internal
Revenue of the United States, his deputies, agents or
successor, from interfering with the possession of the

assets of such company in the hands of the trustees, for the purpose of satisfying a claim of the United States for taxes, and for instructions from the court as to the duty of the trustees in relation to such claim of the United States for taxes, and for a hearing by the court to determine what taxes, if any, are due the United States.

The court, after due hearing, ordered and decreed:—

"1. That no hearing be had by this court upon the aforesaid claims of the United States and of said Walsh, Collector, for additional federal taxes.

"2. That said trustees be directed to pay the claims of the United States for taxes in such sum as the Commissioner of Internal Revenue shall determine to be due after consideration of said claim for abatement.

"3. That upon the payment of said claims said trustees be and they hereby are authorized to take such steps as may be necessary to secure an administrative refund of any taxes so paid, and to bring suit or suits to secure such refund in any federal court or courts having jurisdiction over such suits."

The court found the following facts:—

1. On June 1st, 1920, the trustees filed a supplemental report in this court showing claims filed and unpaid for additional federal taxes as follows: (1) 1916 munitions tax, $13,878.87; (2) 1917 munitions tax, $10,767.25; (3) 1918 income and excess profits, and war profits tax, $474,667.95.

2. On June 1st, 1920, said claims for taxes were disallowed by this court, and the trustees in liquidation were ordered forthwith to give written notice to the United States and to James J. Walsh, Collector of Internal Revenue for the District of Connecticut, that their claims as above stated had been disallowed, and that, unless such claimants should within two

weeks from the giving of such notice by the trustees bring an application to the court for the allowance of their said claims, the same should be barred; and that such notice to the United States should be given, to the Commissioner of Internal Revenue; all of which appears of record.

3. Notice to the United States and to said James J. Walsh, Collector, of the disallowance of such claims was given to the United States and to said Walsh, Collector, in accordance with said order of this court.

4. On June 13th, 1920, the United States filed its application for an order that the claim of the United States be paid, as on file.

5. In said application the United States also claimed that penalties should be paid in addition to the amount of said taxes.

6. A claim for the abatement of said taxes is now receiving the consideration of the officials of the Treasury Department of the United States.

*Edward A. Harriman*, with whom was *Harold E. Drew*, for the appellants (trustees in liquidation).

*Allan K. Smith*, Assistant United States' Attorney, for the appellee (the United States).

CURTIS, J.   The trustees applied to the Superior Court for a limitation of time for the presentation of claims against the corporation under § 3448 of the General Statutes, and a limitation was made by the court.   The trustees were thereafter winding up the corporation under the direction of the court, and were authorized to secure the direction of the court in the same manner as if they were receivers.

The trustees claimed that their possession of the assets was the custody of the law, that they were,

under General Statutes, §§ 3447 and 3448, receivers of the court. In this application they asked that the court, by a restraining order upon the collector, should protect the assets of the corporation in the custody of the law from distraint or seizure by the collector for application to the payment of taxes of the United States.

We have held in the companion case (*Willman* v. *Walsh*, *infra*, p. 79, 112 Atl. 804) heard with this case, that the trustees in liquidation acting under General Statutes, §§ 3447 and 3448, are not receivers, and that their possession of the assets of a corporation is not the custody of the law, and that the assets in their hands are therefore subject to such procedure for the collection of taxes of the United States as the laws of the United States permit. The court, therefore, under this claim, correctly refused to issue the restraining order.

There was further presented to the trial court the request of the trustees for instructions and for a hearing by the court to determine what federal taxes, if any, were due, and the petition of the United States reading as follows: (1) that no action be taken relative to the claims of the United States against the Derby Manufacturing Company until the Treasury Department has rendered its decision upon the allowance or disallowance of said claim for abatement; (2) that an order be entered instructing said trustees of said Derby Manufacturing Company to pay the claims of the United States in the amount of $539,259.20 as above set forth, or in such sum as the Commissioner of Internal Revenue shall determine to be due after consideration of said claim for abatement.

Under the record and facts found, it appears that the Collector of Internal Revenue presented claims of the United States for taxes to the trustees.

The trustees, in a supplemental report to the Superior Court, filed June 1st, 1920, reported these claims, and stated that there were five items of such claims, and that the trustees had paid two items and disallowed three items, and recommended the court to disallow the three items. The court, on the same day, obviously *pro forma*, disallowed the three items, and ordered notice to be given to the United States and its Collector of Internal Revenue, as appears in paragraph two of the finding, recited in the preliminary statement. Upon notice to the collector of such disallowance, he appeared in court and made application for an order that the claim of the United States for taxes so disallowed be paid.

The collector in his application alleged that the three items of federal taxes in controversy were "duly assessed by the proper authority on behalf of the United States."

In the recommendation of the trustees to the court for the disallowance of the three items of federal taxes, there is no suggestion that such assessment of federal taxes as was made against the corporation, whether legal or not, was not made by the proper authority of the United States.

The trustees moved that the court proceed to a hearing and determination of the taxes legally due by the corporation to the United States.

The court ruled that it then had no jurisdiction to hear and determine the amount of taxes legally due the United States from the corporation. This ruling of the court was correct.

It is a necessary inference from the finding (paragraph six) that the corporation had applied to the proper officials of the Treasury Department of the United States for the abatement of the taxes objected to. Upon the record there was no question that the

proper officials of the United States had made an assessment of the taxes in question.

Section 5947 of the United States Compiled Statutes, Vol. 6, 1916, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." Section 5949 of such compilation provides that "no suit shall be maintained in any court for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until appeal shall have been duly made to the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of the Commissioner has been had thereon: Provided, that if such decision is delayed more than six months from the date of such appeal, then the said suit may be brought, without first having a decision of Commissioner at any time within the period limited in the next section."

These restrictions are binding upon State courts. *Collector* v. *Hubbard*, 79 U. S. (12 Wall.) 1, reversing *Hubbard* v. *Brainard*, 35 Conn. 563. In *Snyder* v. *Marks*, 109 U. S. 189, 193, 3 Sup. Ct. 157, the United States Supreme Court held, in regard to the above provisions of the federal statutes: "The remedy of a suit to recover back the tax after it is paid is provided by statute, and a suit to restrain its collection is forbidden. The remedy so given is exclusive, and no other remedy can be substituted for it." *Hastings* v. *Herold*, 184 Fed. Rep. 759.

The facts found disclose that the federal taxes involved in these proceedings have not been paid, and that a claim for the abatement of said taxes is pending

before the Commissioner of Internal Revenue, under § 5949 of the United States Compiled Statutes, 1916. Under such facts, in accord with the terms of § 5949, no suit, formal or, as here, informal, can be maintained to recover back or to abate such federal taxes in any court, State or Federal.

Under § 5947 of such compilation, no suit, formal or informal, can be maintained to restrain the collection of federal taxes.

Therefore the Superior Court had no jurisdiction to pass upon the legality of the assessment of the Internal Revenue taxes in question, or to issue a restraining order relating thereto, because of the provisions of the United States Statutes quoted above.

The orders and decree of the trial court as above recited, rendered in response to the applicants' requests for instructions and the petition of the United States, were in accord with the law.

There is no error.

In this opinion the other judges concurred.