Joseph Willmann et al., Trustees in Liquidation of the Derby Manufacturing Company, vs. James J. Walsh, Collector of Internal Revenue.

Third Judicial District, New Haven, January Term, 1921.
Wheeler, C. J., Beach, Gager, Curtis and Burpee, Js.

Directors of a corporation, acting as trustees in its liquidation under General Statutes, § 3447, who have obtained from the Superior Court an order under General Statutes, § 3448, limiting the time for presenting claims against the corporation, are nevertheless not receivers or officers of the court, and hence the property of the corporation does not come into the custody of the law.

Accordingly, a federal collector of internal revenue cannot be enjoined
from interfering with such trustees' possession of the corporate
property by process in distraint or otherwise, in order to satisfy
a claim of the United States for taxes against the corporation,
even though there is pending before the Superior Court the appli-
cation of the United States for an order that its claim be paid.

Argued January 25th—decided March 11th, 1921.

SUIT for an injunction to restrain the defendant
from interfering in any manner with the possession of
the estate of the Derby Manufacturing Company in
the hands of the plaintiffs as trustees in liquidation,
brought to the Superior Court in New Haven County
which denied a motion for a temporary injunction
(*Banks, J.*) and the cause was afterward tried upon
demurrer to the complaint; the court, *Webb, J.*, sus-
tained the demurrer and rendered judgment for the de-
fendant, from which the plaintiffs appealed. *No error.*

The plaintiffs are trustees in liquidation of the
Derby Manufacturing Company, acting under the
provisions of the General Statutes, § 3447, who had
made an application to the Superior Court, under
§ 3448 of the General Statutes, for an order restraining
the defendant, his deputies, agents and successors
in office from interfering with the possession of the
estate of said Derby Manufacturing Company in the
hands of the plaintiffs, as trustees in liquidation, by
any process in distraint or otherwise in order to satisfy
a claim of the United States for taxes.

The complaint contained these allegations:—

1. That the plaintiffs are trustees in liquidation
of the Derby Manufacturing Company, a corporation
formerly organized under the laws of Connecticut,
and now dissolved by vote of the stockholders, and
are acting as receivers of the estate of said corporation
under the orders of the Superior Court in New Haven
County.

2. That on June 1st, 1920, certain claims for additional federal taxes were filed by the United States and the defendant with plaintiffs, and that on said date an order was issued by the Superior Court disallowing such claims.

3. That on June 15th, 1920, the United States, by the Assistant United States Attorney for the District of Connecticut, filed an application for an order in said court that the claim of the United States be paid, which application is now pending in this court.

4. Notwithstanding the foregoing, said defendant threatens to seize the property in the hands of the trustees acting as receivers under the orders of this court, by process of distraint in order to satisfy such pending claim for taxes.

5. That such threatened interference by said defendant would be a contempt of this court, and would leave the plaintiffs without any adequate remedy at law in the protection of the property held in their custody as officers of this court.

Wherefore, the plaintiffs pray that the said defendant, James J. Walsh, Collector of Internal Revenue for the District of Connecticut, his agents, deputies, and successors in office, may be restrained from interfering in any manner with the possession of the estate of said Derby Manufacturing Company in the hands of the plaintiffs as trustees in liquidation.

To this complaint the defendant demurred upon these grounds:—

1. It appears from said complaint that the plaintiffs are trustees in liquidation of the Derby Manufacturing Company, under the provisions of § 3448 of the General Statutes, and as such trustees, their custody of the property of said corporation is not the custody of the court.

2. It does not appear from said complaint that the

plaintiffs are officers of the court or that the property in the custody of the plaintiffs is in the custody of the court.

3. No action taken by the defendant, as collector in behalf of the United States of America against the property in the custody of the plaintiffs, as trustees, can be construed as a contempt of this court.

*Edward A. Harriman*, with whom was *Harold E. Drew*, for the appellants (plaintiffs).

*Allan K. Smith*, Assistant United States' Attorney, for the appellee (defendant).

CURTIS, J. Under the demurrer the essential question for decision was whether the possession of the plaintiffs of the property of the Derby Manufacturing Company was the custody of the law.

The plaintiffs were trustees in liquidation of the company, with such relation to the property as proceedings under the General Statutes, §§ 3447 and 3448, created.

The plaintiffs claim that by such proceedings they became receivers of the court in relation to the property of the corporation, and hence that the property came into the custody of the law.

The directors of a corporation, acting as trustees in liquidation under General Statutes, § 3447, only, are obviously not receivers or officers of the court.

If such trustees, in the exercise of their discretion, make application to the Superior Court under § 3448, they do not thereby change their relation to the property of the corporation, they are still merely trustees in liquidation, and not officers of the court holding the property in the custody of the law.

There are provisions in the statutes and an absence

of provisions relative to the winding-up proceedings by trustees under §§ 3447 and 3448, which clearly indicate that it was not the legislative intent to make them receivers by the enactment of § 3448 of the General Statutes.

Under §§ 3448, 3449 and 3450, the trustees may, in their discretion, secure an order of court limiting a time for the presentation of claims. But if a claim so presented is disallowed, the creditor, without the necessity of securing the permission of the court, must begin an action to enforce the claim within four months after disallowance. This course of proceeding differs radically from that pursued upon the disallowance of a claim in a receivership.

Section 3448 of the General Statutes provides that if trustees in liquidation under § 3447 bring an application to the Superior Court for the limitation of time within which claims must be presented, they shall still proceed to wind up the affairs of the corporation in accordance with the provisions of § 3447.

The provision of General Statutes, § 3450, permitting a creditor, pending the winding-up proceedings of trustees in liquidation, to secure the appointment of receivers of the corporation in liquidation, would be a useless provision if the trustees were already receivers and subject to the ordinary power of the court to remove its receivers for good cause shown.

There is no provision in the statutes relating to trustees in liquidation providing that they shall furnish bonds as is required of receivers by General Statutes, § 6082.

The trustees under this section are not, by their application to the court to limit a time for the presentation of claims, made, by that act, receivers of the corporation. They are still to wind up the corporation in accord with § 3447, but they may secure

direction from the court in the same manner as if they were receivers.

Furthermore, it is hardly conceivable that it was the legislative intent, by the enactment of § 3448, to permit the directors, acting as trustees, at their discretion, to convert an entire board of directors into a board of receivers of the Superior Court, with the unnecessary expense thereby imposed upon the corporation, and hence, possibly, upon the creditors.

The winding-up proceedings of a corporation under §§ 3447 and 3448, although under the direction of the court, are not the formal proceedings of a statutory receivership, but are informal proceedings which do not bring the assets of the corporation into the custody of the law. The proceedings are similar to those considered in *In re Litchfield County Agricultural Soc.,* 91 Conn. 536, 100 Atl. 356.

There is no error.

In this opinion the other judges concurred.