## JACOBS et al. v. COLLEGIATE PREPARATORY SCHOOL, Inc.

(District Court, D. Connecticut. July 3, 1924.)

No. 6907.

Bankruptcy ⚖=79—Involuntary petition held not filed within four months after alleged act of bankruptcy.

Action of the stockholders of a corporation in consenting to its dissolution and placing its property in the hands of its directors as trustees for liquidation under the Connecticut statute, if regarded an act of bankruptcy as a general assignment, or as putting the property in the hands of receivers because of insolvency, is not a continuing act, and an involuntary petition based thereon must be filed within four months after such action was taken.

In Bankruptcy. In the Matter of the Collegiate Preparatory School, Inc., alleged bankrupt. On motion of Irving I. Jacobs and others, petitioners, for appointment of receiver. Denied.

Robert J. Woodruff, of New Haven, Conn., for petitioners.
Ernest L. Isbell, of New Haven, Conn., for defendant.

THOMAS, District Judge. The question really presented is whether the allegations of the petition are legally sufficient to justify the appointment of a receiver on the involuntary petition of more than

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

three creditors. The question is presented on the pleadings—the allegations of the petition, the answer of the alleged bankrupt thereto, the petitioner's reply, and finally the rejoinder. The only act of bankruptcy alleged in the petition is:

"That within four months next preceding the date of this petition the said Collegiate Preparatory School, Inc., committed an act of bankruptcy, in that during the entire four months' period aforesaid it was and remained in the hands of its directors as trustees to wind up its business, and that it went into the hands of said directors as trustees because it was insolvent."

The answer alleges, and the petitioning creditors' reply thereto admits, that the agreement on the part of the stockholders of the alleged bankrupt to dissolve the corporation was executed on March 3, 1923, and that on March 8, 1923, a certificate of the consent of the stockholders of the said company to said dissolution was filed in the office of the secretary of state of Connecticut as required by statute. The petition under consideration was filed on March 18, 1924.

It is contended that the act of the stockholders in consenting to the dissolution of the company constitutes a continuing act of bankruptcy. Even if the trustees, to wind up the business of the company, could be regarded as receivers, the act of putting the property of the company in their hands cannot be regarded as a continuing act. Seaboard Steel Casting Co. et al. v. William R. Trigg Co. (D. C.) 124 Fed. 75. But the Supreme Court of Errors of Connecticut has recently held that the trustees in liquidation under the Connecticut statute are not receivers. Willmann v. Walsh, Collector, 96 Conn. 79, 112 Atl. 804.

If the agreement of the stockholders to dissolve the Company be regarded as a general assignment for the benefit of creditors, then the time for filing a petition in bankruptcy on that ground expired July 8, 1923, which was four months after the filing of the certificate of the consent of the stockholders to said dissolution and this petition comes months too late. This conclusion is supported by the express terms of section 3 (b) of the Bankruptcy Act (Comp. St. § 9587), which provides:

"A petition may be filed against a person who is insolvent and who has committed an act of bankruptcy within four months after the commission of such act. Such time shall not expire until four months after (1) the date of the recording or registering of the transfer or assignment when the act consists in having made a transfer of any of his property with intent to hinder, delay, or defraud his creditors or for the purpose of giving a preference as hereinbefore provided, or a general assignment for the benefit of his creditors, if by law such recording or registering is required or permitted, or, if it is not, from the date when the beneficiary takes notorious, exclusive, or continuous possession of the property unless the petitioning creditors have received actual notice of such transfer or assignment."

The application for the appointment of a receiver must therefore be denied; and it is so ordered.