## BAY CITY SHOVELS, INC.
### vs.
## WILLIAM ROACH

| | | |
|---|---|---|
| Superior Court | New Haven County (At Waterbury | File #10725 |

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

Nathan G. Sachs,                    Attorney for the Plaintiff.

Bronson, Lewis & Bronson,     Attorneys for the Defendant.

## MEMORANDUM FILED APRIL 27, 1935.

O'SULLIVAN, J. This is an action of replevin raising one legal problem, i.e., whether the conditional bill of sale, upon which the plaintiff relies conforms to the Statute, and one of fact, i.e., whether the instrument was recorded within a reasonable time in the Clerk's office of the town where the conditional vendee resided.

Conditional bills of sale must be acknowledged by those who execute them. If only the vendor executes the instrument, the acknowledgment of the vendee is not essential, and vic versa.—National Cash Register Company vs. Lesko, 77 Conn. 276, 280. However, where both parties execute, the acknowledgment of each must be taken.—Commercial Credit Corporation vs. Carlson, 114 Conn. 514.

The first query, then, is this: Was the contract executed by the vendee alone or by him and the vendor?

The genesis of the instrument was in the nature of an offer, a form which has met the approval of our Court in the Lesko case. That case, however, differs from the instant one in that the order given by the would-be vendee was accepted by the delivery of the property, while in the present case, the order was accepted by the act of the vendor in writing its acceptance upon the order. This presents a distinction which has real difference, for by accepting the order through endorsement, a contract was immediately created incapable of revocation without breach of agreement. In the Lesko case, the machine could have been recalled without a breach at any time before delivery.

Hence the order upon acceptance became a contract between the parties, and the execution of each party was required to be acknowledged. This was not done. While Ramsey executed the agreement for the plaintiff, the purported acknowledgment is by Caplan. Therefore, the statutory requirements were unfulfilled.

But the instrument is subject to more serious challenge of legality, for in point of fact there is no acknowledgment by either vendor or vendee, let alone both.

"An acknowledgment is the formal declaration, before an authorized official ,by the person who executed an instrument, that it is his free act and deed. It serves to authenticate the instrument by furnishing formal proof, through the action of the public official taking the ac-

knowledgment, that the instrument was actually executed by the person whose signature appears upon it. It identifies the person who is to be bound by the instrument he has signed."—**Commercial Credit Corporation vs. Carlson, supra.**

The plaintiff argues that the affidavit which appears at the end of the conditional bill of sale is an acknowledgment. One searches the affidavit in vain for any formal declaration by the person who executed it that it is his free act and deed. There is no language embodied in the affidavit which even remotely suggests that either Builfoile or Ramsey or Caplan or the Bay City Shovels, Inc., acknowledged that which he or it had executed was a free act anddeed. Trying to make an acknowledgment of the affidavit is as impossible as making a silk purse out of a sow's ear.—**Stanton vs. Button, 2 Conn. 527; 29 A.L.R. 919\*.**

Even if the instrument could get beyond the difficulties hereinbefore commented upon, the plaintiff would still be precluded from claiming under it, because it failed to record the instrument within a reasonable time, as required by statute.

The instrument is dated December 21, 1931; it was accepted December 31, 1931; the purported acknowledgment was taken on January 14, 1932; it was recorded February 16, 1932. The machinery, the subject of the conditional bill of sale, was in the vendee's possession from a date prior to January 14th. Under all the circumstances, an unreasonable time elapsed before recordation.—**Camp vs. Thatcher Company, 75 Conn. 165†.** Consequently, for the foregoing reasons the conditional bill of sale was an absolute sale so far as this defendant is concerned.

Judgment by default will enter against the defendant Builfoile for non-appearance, judgment will also enter for the defendants Roach and the Middletown Finance Corporation upon the complaint and upon the counterclaim, and for these defendants to recover possession of the replevied property.

---

\* **Stanton vs. Button, 2 Conn. 527 (1818).** "A deed of land, without a proper certificate of the grantor's acknowledgment, is inadmissible as evidence of title. Where the certificate was—'Personally appeared A.B. signer of the above instrument, to be his free act and deed, before me, C.D. Justice of the Peace'; it was held, that these words imported no acknowledgment, and that the omission could not be supplied by intendment or construction.

† **Camp vs. Thatcher Co., 75 Conn. 165 (1902).** A contract which was not acknowledged, nor recorded for more than two months after execution, was held not to be recorded within a reasonable time, and therefore it was not a conditional sale, but an absolute one.