## THE BEAVER DAM COMPANY
### (In re Dissolution)

Superior Court      Fairfield County      File No. 202

MEMORANDUM FILED MARCH 27, 1939.

*Anderson & St. John,* of Greenwich, for the Petitioner.

CORNELL, J.   The Beaver Dam Company is a corporation of this state.   On September 16, 1936, it appears that a majority of its directors certified that each of its stockholders had signed and acknowledged on September 1, 1936, an agreement that its corporate existence be terminated.   On September 25, 1936, a majority of the directors filed an application praying this court "to limit a period within which all claims against such corporation should be presented", pursuant to which an appropriate order was made.   On September 24, 1938, the directors (as trustees under statute) asked the advice of the court concerning "the sale, partition or other disposition of the assets, real and personal" owned by the corporation.   This was denied because the court was not satisfied that the statutory requirements necessary to permit it to act had been complied with.   Thereafter, viz., on November 17, 1938, an inventory was filed.   Since the last named date, what, if anything, has been done in or toward liquidating the corporate assets and effecting a distribution of their proceeds, does not appear.

All of the foregoing proceedings were taken ostensibly in conformity with sections 3470 to 3477 of the General Statutes, Revision of 1930, both inclusive, as amended, which provide for and outline the means whereby a corporation may voluntarily dissolve. In that process, the directors act as trustees, but are not receivers of this court nor has the court custody of the corporate assets. *Application of Willmann,* 96 Conn. 73, 76. Jurisdiction of the property and affairs of the corporation can be acquired by this court as the result of the appointment of a permanent receiver in an action showing facts justifying such relief or through the naming of a temporary receiver as ancillary to relief claimed in a sufficient complaint, but in no other manner. *Beach vs. Beach Hotel Corp.,* 117 Conn. 445, 450; *Stolman vs. Boston Furniture Co.,* 120 id. 235, 240; 53 C.J. Receivers §5, p. 21; id §9, p. 24.

The instant motion praying that a receiver be appointed to take custody and administer the properties of The Beaver Dam Company, apparently predicates upon the theory that the proceedings in voluntary dissolution is a proceeding in this court, which, of course, is not true. Since there is no cause pending here in which it is, or could be made, the court, without regard to its merits, is without jurisdiction to grant it. See cases cited *supra.*

Motion denied.