## The Plainville Electroplating Company v. Dodge Brass Manufacturing Company

SUPERIOR COURT     LITCHFIELD COUNTY     FILE No. 11935

Memorandum filed July 17, 1948.

*Neil F. Murphy*, of Bristol, for the Plaintiff.

*Albrecht & Richman*, of Hartford, and *A. L. Finkelstein*, of Waterbury, for the Defendant.

MURPHY, J. The plaintiff has sued to recover for services rendered to the defendant in plating acticles for it in October, November and December, 1947. The amount due is $5219.65. As a special defense the defendant alleges that prior to the institution of this action, it filed a certificate of dissolution of the corporation with the secretary of state on March 24, 1947. It claims that the attachment and service are null and void under the provisions of General Statutes, § 3474.

Suit was instituted by the plaintiff by writ and complaint dated March 25, 1947, property of the defendant was attached March 27, 1947, and service was made upon the defendant and the attachment completed on March 28, 1947. On March 11, 1947, the stockholders of the defendant corporation were Joel Edelstein, Lionel E. Wieser, Louis H. Goldich, Beatrice Edelstein and Flora S. Goldich. The first three with Joseph A. Levy comprised the board of directors but Mr. Levy resigned as a director that day. On the following day, March 12, a

special meeting of the stockholders was held at which it was voted to dissolve the corporation. A waiver of notice of this meeting signed by all of the stockholders is contained in the minute book but there is great doubt in the court's mind that Beatrice Edelstein and Flora Goldich had signed the waiver before the meeting. The worn condition of that page reinforced with mending tape, indicates that it had been carried in some one's pocket for some time before final execution.

Section 3470 provides the machinery by which a corporation may voluntarily dissolve. Its provisions must be followed strictly. That the legislature desired to avoid precipitate action is apparent. A director's meeting at which the vote to terminate corporate existence is passed is first required. A special stockholders meeting must be called not less than thirty nor more than forty days from the date of call. Notice of the meeting must be published in a newspaper once a week for four weeks. Each stockholder must be notified. Three-quarters of the total outstanding stock of each class must vote to confirm the vote to dissolve.

However, the vote of the directors and the confirming vote of the stockholders may be dispensed with "If every stockholder shall sign and acknowledge, before an officer authorized to take acknowledgments of deeds, an agreement among stockholders that the corporate existence of such corporation shall be terminated." Whether this eliminates the requirement for newspaper publication is questionable.

The defendant sought to dissolve without the delay that would have been encountered under the main provisions of § 3470. Each of the five named stockholders signed the following agreement:

We, the undersigned, owners and holders of all the capital stock of the Dodge Brass Mfg. Corporation, do hereby consent that said Corporation be dissolved, and hereby authorize the directors of said Corporation to take any and all steps necessary to accomplish said dissolution.

In witness whereof, we have hereunto set our hands this . . . . day of Mar. A. D. 1947.

. . . . . . . . . . . . . . . . . . . . . . . . . .

Mr. Edelstein, Mr. Weiser and Mr. Goldich acknowledged it in Hartford, March 12, 1947. Mrs. Goldich acknowledged

it in Hartford March 18, 1947. Whether Mrs. Edelstein properly acknowledged it will determine the validity of the defendant's defense.

The following certificate is attached to the agreement:

State of New York

ss. Lawrence, L. I. March 13th, 1947.

Nassau County

Personally appeared Beatrice C. Edelstein, signer and sealer of the foregoing instrument, and acknowledged the same to be her free act and deed, before me.

Beatrice C. Edelstein
Notary Public

(Seal)

Witnessed, March 13th, 1947, David H. Lanes, Notary Public, King's County, King's Co. Clk.'s No. Reg. No. 201-L-8, Commission Expires March 30, 1948.

Though this form was executed out of the state, no certificate of the officer's authority was attached to it.

It is significant to note at this time that on March 12, 1947, Joel Edelstein resigned as president, treasurer and director of the defendant.

That same day Mr. Goldich and Mr. Wieser (all of the then remaining directors) executed and swore to a certificate of dissolution of the corporation. This certificate was subsequently filed in the office of the secretary of the state on March 24, 1947. It contained the statement. "That every stockholder of said corporation has signed and acknowledged an agreement that the corporate existence of such corporation shall be terminated, which instrument is dated March 12, 1947."

The palpable untruth of that statement is apparent because Mrs. Goldich did not acknowledge it until six days later and Mrs. Edelstein did not attempt to acknowledge it until March 13. Nevertheless Mr. Goldich and Mr. Weiser swore that it had been executed and acknowledged by all stockholders on March 12.

Was the attempted acknowledgment by Mrs. Edelstein at Lawrence, L. I. on March 13, 1947 a sufficient acknowledgment under Sec. 3407? It appears not. An acknowledgment "re-

quires that the officer should make a certificate in writing on the deed, . . . that such acknowledgment has been made before him." *Sanford* v. *Bulkley,* 30 Conn. 344, 347. "A court cannot, by intendment or construction, fill a blank, or supply a word. They can only decide on the meaning and import of the words made use of." *Stanton* v. *Button,* 2 Conn. 527, 528; *Haydon* v. *Westcott,* 11 Conn. 129, 132. "When an acknowledgment is necessary to the validity of an instrument it is the acknowledgment of the party or parties executing the instrument and to be bound by it which is required." *Commercial Credit Corporation* v. *Carlson,* 114 Conn. 514, 517.

"An acknowledgment of an instrument includes the formal execution of a certificate by the officer taking the acknowledgment." *Williford* v. *Davis,* 106 Okla. 208, 211.

The officer taking the acknowledgment did not execute a certificate to that effect. He signed as a witness to Mrs. Edelstein's signature to the form of acknowledgment. It is therefore defective.

If the form of Mrs. Edelstein's acknowledgment could be considered as adequate, it would still be defective because no certificate of the officer's authority was attached to it. The statute requires that the acknowledgment be taken before an officer authorized to take acknowledgments of deeds. Mr. Lanes purports to be a notary public in New York State. The seal of the notary public from without the state is not one that our courts will judicially notice. "In order to be judicially noticed the foreign seal must be the great seal of a State, or by the general concensus of authority at least the seal of the secretary of state attesting the seal and official character of the official signing." *Creer* v. *Active Auto Exchange, Inc.,* 99 Conn. 266, 277.

Examination of the minute book of the defendant corporation indicates great haste in the attempt to dissolve it. The resignations of two officers and directors; the change of principal office from the plant in Winsted to an attorney's office in Hartford; the waiver of notice of the stockholders' meeting of March 12, 1947, and the stockholders' agreement to dissolve are quite indicative of an attempt to speedily terminate the corporate existence. Was it to defeat the plaintiff's claim, who was pressing for payment?

On March 13, 1947, the plaintiff's lawyer wrote the defendant. The following day the defendant replied but Mr. Goldich who sent the reply did not indicate that the company had already executed the certificate of dissolution. It is fair to infer that the defendant was seeking to put off the plaintiff until it had accomplished its plan.

The action of the stockholders and directors of such a closely held corporation justifies the inference that it was done with the definite purpose of defeating the plaintiff's claim. See *Reilly* v. *Pepe Co.*, 108 Conn. 436, 440.

Judgment will enter for the plaintiff to recover of the defendant damages of $5219.65 with interest to date of $482.82, a total of $5702.47 and costs of suit.

Because of the foregoing reasons, the attempt to dissolve the defendant corporation does not vitiate the attachment by the plaintiff of the defendant's property. That attachment was released under the direction of the Superior Court in Hartford County and a sum of money is being held by David A. Wilson as a committee, to respond to any judgment rendered in this action. The plaintiff is entitled to execution on said sum. "The winding up proceedings of a corporation . . . . are not the formal proceedings of a statutory receivership, but are informal proceedings which do not bring the assets of the corporation into the custody of the law." *Willmann* v. *Walsh*, 96 Conn. 79, 84.

A certified copy of this judgment will be forwarded by the clerk to the clerk in Hartford County for inclusion in the file of "The Proceedings in re Voluntary Dissolution of Dodge Brass Mfg. Corp."