ARTHUR L. ANDREWS

*v.*

GUAYAQUIL AND QUITO RAILWAY COMPANY et al.

[Decided April 7th, 1905.]

A plea put in by one P. denied, in general terms, that the property concerning which relief was sought was located within the State of New Jersey. It admitted (by not denying) that the property in question was capital stock of a New Jersey corporation.—*Held,* that inasmuch as the *situs* of the stock was in New Jersey, the New Jersey courts had jurisdiction to proceed against P. in respect of it; that he was a necessary party to the proceeding, and that a decree could be made in respect of the *res* which would, in case he should not appear, bind his interest therein.

*Mr. Edwin B. Williamson,* for the defendant Pruyn.

*Mr. Charles L. Corbin,* for the receiver of the Ecuador Company.

STEVENS, V. C.

Robert C. Pruyn, one of the defendants in the cross-bill of the receiver of the Ecuador Company, pleads to the jurisdiction.

The fourteenth amendment to the constitution of the United States provides that no state shall deprive any person of life, liberty or property "without due process of law." In the recent case of *Hill* v. *Henry, 66 N. J. Eq. (21 Dick.) 150,* I attempted to summarize the adjudications in the supreme court of the United States on this provision, so far as they relate to the subject in hand. It was there said that the following propositions had been established:

"First. That a personal judgment is without validity if it be rendered by a state court in an action upon a money demand against a non-resident, proceeded against by publication, but not personally served with process within the state and not appearing.

"Second. That no validity is imparted to such a judgment by the fact that the defendant has, at the time the action is commenced, property within the state upon which a levy can be made under the judgment.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

"Fourth. In suits strictly *in rem*—that is, where the property itself, conceived of as having done the wrong, or as having been the instrument of its commission, is being proceeded against, and in suits *quasi in rem*—that is, where the suit is against the person in respect of the *res*—where, for example, it has for its object partition, or the sale or other disposition of defendant's property within the jurisdiction, to satisfy plaintiff's demand by enforcing a lien upon it—personal service within the jurisdiction or appearance is not necessary. The decree can, however, extend only to the property in controversy. But there is this distinction between these two classes of proceedings. In the former, public citation to the world is all that is necessary, and the decree binds everybody. In the latter, defendant's interest is alone sought to be affected. He must be cited to appear and the judgment therein is conclusive only between the parties. *Freeman* v. *Alderson, 119 U. S. 185."* In this latter class of cases, to use the words of Mr. Justice Brewer, in *Arndt* v. *Griggs, 134 U. S. 316,* "the state may provide any reasonable method of imparting notice."

With these distinctions in view, I proceed to the consideration of the question in hand. The case presented by the pleadings is a complicated one, but the facts material to the decision of the present issue are few and simple. The complainant, Andrews, files his bill to compel a transfer of certain shares of stock of the Guayaquil and Quito Railway Company. This stock, he claims, should be assigned to him as collateral security for certain notes made to Pruyn and by Pruyn endorsed to him. He alleges that the railway company and certain other persons are wrongfully refusing to make this transfer. The Ecuador Company, a New Jersey corporation, organized as a construction company to build part of the road of the Guayaquil company, has become insolvent, and Charles C. Black has been ap-

pointed its receiver. Black, as such receiver, answers and files a cross-bill against the complainant and the other defendants, and also against Robert C. Pruyn, not a party to the original bill, but made a party to the cross-bill under the practice referred to in *Green* v. *Stone, 54 N. J. Eq. (9 Dick.) 387, 400.* To this cross-bill Pruyn pleads that he is a resident of the State of New York and not of New Jersey; that no process has been served upon him; that no appearance other than the special appearance herein made has been entered for him or on his behalf, and that he has no property and claims no right to any property within the State of New Jersey. The plea then proceeds as follows:

"Nor is the property concerning which relief is sought against this defendant by said answer located within the State of New Jersey; nor can any decree be entered in this suit which is enforceable against this defendant."

The cross-bill alleges, among other things, that the Ecuador .Company issued to Pruyn three thousand two hundred and fifty shares of its stock, which Pruyn accepted and which he still holds and for which he has made no payment, except certain ·cash advances; that, having made default, he procured the directors of the Ecuador Company to direct the appropriation to him, as security for the notes representing such advances, of $664,000 of the preferred stock of the Guayaquil and Quito Railway Company, "and sought thereby to convert the same to his own use in violation of the terms of the Corporation act, which forbids the disposal of property by an insolvent corporation in such manner as to give preference." The cross-bill further charges that the complainant, Andrews, is the attorney and counsel of Pruyn, and that Pruyn transferred to him the notes which he had improperly procured (and which form the basis of the present suit) to be used by the said Andrews for the benefit of the said Pruyn, in order to appropriate the assets of the company for his (Pruyn's) benefit, &c.

On this plea the material allegations of fact contained in the cross-bill, if not denied, must be taken as true. *1 Dan. Ch. Pr.* *612. It must, therefore, be deemed to be admitted that

this suit is being prosecuted by Andrews for Pruyn's benefit, and that if Andrews is demanding a transfer of the stock as security for the notes, he is demanding it for Pruyn and not for himself. Pruyn does indeed say, in his plea, that he claims no right to any property within the State of New Jersey, and that the property concerning which relief is sought is not located within this state. By not denying it, he admits, however, that the Guayaquil company is a New Jersey corporation, and this admission is fatal to him. His general denial that the property is located here is the mere statement of an erroneous legal conclusion. If the company is a New Jersey company, then the *situs* of its stock is in New Jersey, and any question relating to it may be determined here. Such is the decision of the supreme court of the United States in the recent case of *Jellenik* v. *Huron Copper Mining Co., 177 U. S. 1.* The provisions of our statutes (*Execution act, Gen. Stat. 1415 § 4; Corporation act of 1896 p. 280 §§ 7, 8, 20*) are substantially similar to the Michigan statutes that were under consideration in that case.

The *res* demanded by the complainant being locally situate in this state; the demand made being, in fact, made on behalf of Pruyn, who is, if the complainant's claim be valid, beneficially if not legally entitled to it; the same *res* being also demanded by the receiver, Black, who claims, in opposition to Pruyn, the case is clearly one of which this court has jurisdiction and Pruyn is a necessary party to the final and effective determination of the controversy. The case is distinguishable from *Wilson* v. *American Palace Car Co., 45 N. J. Eq. (20 Dick.) 730,* and *Puster* v. *Parker, 59 Atl. Rep. 232,* for there the adjudication rested upon the ground that the *res* was without the jurisdiction. In the *Car Company's Case,* Mr. Justice Dixon expressly says: "No doubt, when the object of a suit is to enforce a specific lien upon property of the defendant within the state, or when the court obtains control over such property * * * a state court may be authorized, after reasonable effort to notify the absent defendant, to enforce the claim of the plaintiff respecting such property."

This is not a proceeding *in rem,* where a general notice suffices to bind everybody. It is, as to the stock, a proceeding *quasi in rem,* where, as is said in *Hill* v. *Henry, supra,* following *Freeman* v. *Alderson, 119 U. S. 185,* the individual to be bound must be specifically named as a party, and where, if he be a non-resident, it is imperative that a reasonable effort be made to notify him, such effort being made pursuant to a "reasonable method provided by the state for imparting notice." *Arndt* v. *Griggs, 134 U. S. 316.* If this be not done, the proceeding is not due process of law. If it be done, and he does not appear, he is, nevertheless, bound by the adjudication that may be made with respect to his interest in the *res,* but no further. In the case in hand it follows, therefore, that as the plea is to the whole of the cross-bill it should be overruled. The pleas to the other cross-bills stand substantially upon the same footing.