The judgment and order appealed from are affirmed.

McCOY, J., not sitting.

---

LE ROY SARGENT & COMPANY, Respondent, v. McHARG et al (Tudor, Appellant.)

(174 N. W. 742.)

(File Nc. 4527.  Opinion filed November 8, 1919.)

1.  **Process—Foreign Service on Nonresident Trustee re Voting Trust, Motion to Quash—Complaint, Presumption re Cause of Action, Re Validity of Trust.**

Upon motion to quash service of summons made upon a nonresident defendant charged as trustee under a voting trust, trial court could presume—the question not being presented on motion nor on appeal from the order denying it—that the complaint stated a cause of action against defendant, and that the voting-trust agreement in question was originally valid but that, owing to defendant's wrongful conduct, plaintiff was rightfully entitled to all relief prayed for, and that trial court can grant such relief if, by the constructive service, it has acquired jurisdiction so to do.

2.  **Same—Foreign Service of on Nonresident Trustee, Motion to Quash Service, Effect on Motion, Re Personal Relief, Re Relief In Rem.**

Where foreign service of summons was made on a non-resident defendant; conceding the service was insufficient to confer jurisdiction to grant relief purely personal in nature, held, that if any relief sought is in its nature in rem, motion to quash service was properly denied.

3.  **Actions—Relief—Foreign Service of Summons, Defendant Trustee of Plaintiff's Stock Under Voting—Trust, Effect of Service Re Jurisdiction Affecting Trust — Personalty Within State—Statute—Defendant's Interest in Stock.**

In a suit to set aside a voting trust re plaintiff's corporate stock, and to enjoin trustees from voting the stock, foreign service of summons having been made on non-resident defendant trustee, defendant's affidavit in support of his motion to quash the service of summons as not conferring jurisdiction to set aside a voting trust in defendant re plaintiff's corporate stock, concedes—what clearly is the law—that, if the subject-matter of the action is personalty situate in this state, and in

which defendant had or claimed an interest, trial court acquired jurisdiction to grant such of the relief prayed for as would affect such interest (Rev. Code 1919, Sec. 2338, Subd. 3); and held, that defendant, holder of legal title to with power to vote the stock in question, had an interest in such stock, since, after creation of the trust, plaintiff's right to vote the stock had passed from him to the trustees.

4. Actions—Setting Aside Voting Trust, Enjoining Vote—Foreign Service on Nonresident Trustee—Jurisdiction—Situs of Corporate Stock in Domestic Corporation—Rule—Defendant's Denial of Interest, Immateriality.

The situs of corporate stock in a domestic corporation of this state, is in this state; and any question relative to it may be determined by her courts; and whether its assets were or not in this state is immaterial; its stock is property, the situs of which property is in this state. So held, notwithstanding defendant trustee under a voting trust of the company's corporate stock, in his affidavit supported a motion to quash service of summons as not conferring jurisdiction, alleges that the subject-matter of the action is not personalty in which he has any lien or interest.

5. Corporations—Corporate Stock, Situs in This State—Stock Following Corporate Domicile, Re Litigation, Determining Ownership.

As the habitation or domicile of a domestic corporation is in the state of its creation, the property represented by its stock certificates is deemed to be held by the company within the state of its incorporation.

6. Actions—Relief—Setting Aside Voting Trust in Non-resident Trustee, Enjoining Vote—Relief In Rem—Jurisdiction of Domestic Courts—Citizenship, Voting Power Under, Parity of Rights.

In a suit to set aside voting trust involving plaintiff's corporate stock, and to enjoin voting of corporate stock by such trustee, the relief is purely in rem—to determine who should hold legal title and have power to vote the stock, similarly as in actions to determine rights concerning any other personalty; this although the legal title and power under the trust to vote the stock are undisputed; since the action seeks to transfer such title with incidental voting power to another party; the voting power being incidental to and inseparable from the legal title, it is only by declaring the trust void— thus restoring title to plaintiff, or by appointing a new trustee, thus passing title to him—that present trustee's voting power can be terminated; and the voting of such stock, depending upon title, is a matter solely within jurisdiction of domestic courts having jurisdiction of such property, just as the right of

suffrage is dependent upon citizenship, and determinable by courts, where votes are to be cast.

McCoy, J., not sitting.

Action by LeRoy Sargent & Company, Incorporated, acting as beneficiaries of a certain trust and holders of voting-trust certificates of common stock of Commonwealth Financial Corporation, in behalf of themselves and of all other persons similarly situated, against Ormsby McHarg and others, including Commonwealth Financial Corporation, a domestic corporation, to have set aside a voting trust involving plaintiff's corporate stock, and to enjoin voting-trust trustees from voting the stock, and for other relief. From an order refusing to quash the alleged constructive service of summons upon defendant Henry D. Tudor, he appeals. Affirmed.

*Gaffy, Stephens & McNamee,* and *Horner, Martens & Goldsmith,* for Appellant.

*Sutherland & Payne,* for Respondent.

(2)  To point two of the opinion Appellant cited: 32 Cyc. 525; Crowley vs. Royal Exchange Shipping Co., 10 Daly (N. Y.) 409.

Respondent cited: State ex rel Bank vs. Circuit Court, 32 S. D. 573.

(4)  To point four Appellant cited: Perry on Trusts, Sec. 70; Harkness vs. Hyde, 98 U. S. 478; 25 L. Ed. 237; Cooper vs. Reynolds, 10 Wall. 308; 19 L. Ed.

Respondent cited: Fletcher on Private Corp., Vol. 5, Sec. 3434; Holmes vs. Camp, 219 N. Y. 359, 114 N. E. 841; Jellenik vs. Huron Copper Min. Co., 177 U. S. 1, 44 L. Ed. 647, rev'g. 82 Fed. 778.

(6)  To point six Appellant cited: Title & Document Restoration Ct. vs. Kerrigan, 150 Cal. 289; 88 Pac. 356; 119 Am. St. Rep. 199; 8 L. R. A. (NS) 682.

WHITING, J.   This appeal is from an order refusing to quash the alleged constructive service of summons upon defendant Tudor, who, it is conceded, is a nonresident of this state. No personal service was had in this state, but service was made in another state in strict compliance with our statutes providing method of constructive service upon nonresident defendants.

In his affidavit in support of the motion to quash the service of the summons, Tudor alleged that the subject-matter of this action is not personal property in which he has any lien or interest. Plaintiff's complaint set forth the existence of the Commonwealth Finance Corporation, a South Dakota corporation; the nature of its business and where transacted; the amount of its stock; that plaintiff is the owner of a large part of such stock; that the three individual defendants became and were, by virtue of a writing executed by plaintiff and others, the holders of the legal title to, and the voting trustees of, the stock belonging to plaintiff and such other parties, with power up to a time long subsequent to the bringing of the action, to vote such stock at the meetings of such corporation. The complaint then set forth certain alleged wrongful conduct of Tudor and another of the trustees, whereby it is alleged such trustees have shown their unfitness to discharge the trust reposed in them. It also alleged that a stockholder's meeting was soon to be held at Pierre, and that these wrongdoers intended to vote the stock held by them as voting trustees. Plaintiff prayed judgment:

(a) That the alleged wrongdoers be removed as voting trustees;

(b) That the court provide for election or appointment of other voting trustees; or

(c) That the court declare the trust void; and

(d) That the said wrongdoers be enjoined and restrained from voting the stock which they hold as trustees.

[1] For the purposes of the motion to quash, the trial court has a right even if it was not bound, to assume that the complaint stated a good cause of action against Tudor—the motion in no manner presenting that question. Neither did the motion, nor does the appeal, present any question as to the original validity of the voting-trust agreement. It will therefore be assumed, for the purposes of this appeal, that the voting-trust agreement was lawful in its inception, but that, owing to the wrongful conduct of Tudor, plaintiff was lawfully entitled to the relief, and all the relief prayed for; and that

the trial court can grant such relief if, by the constructive service, it has acquired jurisdiction so to do.

[2]    It is conceded that such service was insufficient to give the court jurisdiction to grant relief purely personal in its nature. But if any of the relief sought is in its nature in rem, then the motion to quash was properly denied.

[3-5]    We assume, from a reading of Tudor's affidavit in support of his motion, that he concedes—what clearly is the law—that, if the subject-matter of this action is personal property situate in this state and in which he had, or claimed, an interest, the trial court acquired jurisdiction to grant such of the relief prayed for as would affect such interest.  Section 2338, Rev. Code 1919.  That Tudor, the holder of the legal title to and possessed of the power to vote the stock in question, had an interest in such stock seems too clear for question.  This is evident from the fact that, after the creation of the trust, one of the rights of plaintiff which was incident to and based upon ownership of stock—the right to vote same—had passed from him to the trustees.  Where is the situs of this stock?  It is alleged, in the moving affidavit, that the Commonwealth Finance Corporation has no property in this state.  As said in Andrews v. Guayaquil & Q. Ry. Co., 69 N. J. Eq. 211, 60 Atl. 568:

"His general denial that the property is located here is the mere statement of an erroneous legal conclusion.  If the company is a New Jersey company, then the situs of its stock is in New Jersey, and any question relating to it may be determined here."

Whether its assets were in this state or somewhere else is entirely immaterial.  The fact remains that its stock is property, whatever its value may be, and the situs of such property is in this state.  This is so conclusively settled by authority as to be beyond quibble.  The leading authority on the proposition that the situs of corporate stock is in the state that creates the corporation, and also on the proposition that an action to determine rights in such stock may be based on constructive service of process on nonresident defendants, is the case of Jellenik vs. Huron Copper Mining Co., 177 U. S. 1, 20 Sup. Ct. 559, 44 L. Ed. 647.  The reasoning in that case is unanswer-

able, and, in so far as it is based on the statutes of Michigan, it would find like support in the statutes of this state. Section 2443, Rev. Code 1919. That court said:

"As the habitation or domicil of the company is and must be in the state that created it, the property represented by its certificates of stock may be deemed to be held by the company within the state whose creature it is, whenever it is sought * * * to determine who is its real owner."

As supporting the above propositions, see Gamble vs. Dawson, 67 Wash. 72, 120 Pac. 1060, Ann. Cas. 1913D, 501; Lockwood v. Brantly, 31 Hun (N. Y.) 155; Patterson v. Farmington St. Ry. Co., 76 Conn. 628, 57 Atl. 853; People's National Bank v. Cleveland, 117 Ga. 908, 44 S. E. 20; Fahrig v. Milwaukee & Chicago Breweries, 113 Ill. App. 525; Andrews v. Guayaquil & Q. Ry. Co., supra; Sohege v. Singer Mfg. Co., 73 N. J. Eq. 567, 68 Atl. 64; Cook on Corporations (4th Ed.) § 485; Fletcher's Cyclopedia on Corporations, vol. 5, § 3434.

In the Patterson case the court said:

"The capital stock of the defendant corporation is property which exists only by virtue of the laws of this state; * * * this is true notwithstanding certificates of shares of stock in many business corporations have some of the qualities of negotiable instruments, and are treated for some purposes as property."

[6] The relief sought in this case, except it be the injunction relief, is purely in rem—to determine who should hold the legal title to the stock and have the power to vote same. It is as purely an in rem action as an action to determine a right, title, or interest claimed in any other personal property. It is true that there is no dispute as to where the legal title now is or as to who is possessed of the voting power dependent upon such title; but the very purpose of this action is to have such legal title, with the voting power incident thereto, transferred to some other party. It is true, as urged by appellant, that what this action really seeks is the termination of the voting trust. But this power to vote the stock only exists as an incident to, and is inseparable from, the legal title to this stock. It is only by declaring the trust void—and thus restoring title

to plaintiff; or by appointing a new trustee in place of Tudor, thus passing legal title to such new trustee—that Tudor's voting power can be terminated. Suppose it should be conceded, which it is not, that this action presented nothing but the question of right to vote the stock, and that this question was in no manner dependent upon any determination of interest in or title to the stock. What other court but a South Dakota or a federal court would have jurisdiction of the subject-matter? Clearly none, any more than any court of another state could render a valid decree determining the suffrage rights of a citizen of this state. But the fact is, the voting of stock depends on title thereto, and is a matter solely within the jurisdiction of those courts having jurisdiction of such property, just as the right of suffrage is dependent on citizenship and is a matter to be determined solely by the courts where the votes are to be cast.

The order appealed from is affirmed.