**THOMPSON v. TERMINAL SHARES,
Inc., et al.**

No. 10731.

Circuit Court of Appeals, Eighth Circuit.

April 13, 1937.

Rehearing Denied May 10, 1937.

Jerome N. Frank, of New York City (Ernest A. Green and J. Porter Henry, both of St. Louis, Mo., and Culver, Phillip, Kaufmann & Smith, of St. Joseph, Mo., and Justin N. Reinhardt, of New York City, on the brief), for appellant.

Henry N. Ess, of Kansas City, Mo., and Godfrey Goldmark, of New York City (Elton L. Marshall, of Washington, D. C., and Max Freund and David W. Peck, both of New York City, on the brief), for nonresident appellees.

Richard L. Douglas, of St. Joseph, Mo. (Henry L. Jost and James S. Simrall, both of Kansas City, Mo., and William B. Cockley, of Cleveland, Ohio, on the briefs), for resident appellees.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from orders sustaining motions to vacate an order for substituted service, to quash service of process thereon, to vacate and set aside an order for the issuance of writs of attachment, to quash writs of attachment and service thereof, to dismiss the cause, and to dissolve restraining orders. The cause was commenced as a suit in equity in a circuit court of the state of Missouri. Plaintiff below, appellant here, is trustee for the Missouri Pacific Railroad Company, a railway corporation in reorganization under the provisions of section 74 of the Bankruptcy Act, as amended (title 11 U.S.C.A. § 205). Nonresidents of Missouri who were made defendants are the appellees Terminal Shares, Inc., John P. Murphy, Henry A. Marting, and John J. Murray, as trustees, Alleghany Corporation, Guaranty Trust Company of New York, Marine Midland Trust Company of New York, and the members of Douglass & Co., a partnership. Other defendants and appellees were personally served within the state. The parties will be referred to as they appeared below.

Upon the verified pleading of the plaintiff, designated under the state practice as "petition," and an ex parte motion, the state court entered order for substituted service, both by publication and personal service without the state, as provided by sections 739 and 748, Revised Statutes of Missouri 1929 (Mo.St.Ann. §§ 739, 748, pp. 959, 971). Personal service without the state was made upon all the nonresident defendants, and publication of process was made in a Missouri newspaper. The state court also ordered that writs of attachment issue against the nonresident defendants, and attachment and garnishment processes were served upon the resident defendants, purporting to levy upon debts allegedly owing the nonresidents and certain stock owned by them in the resident companies. Temporary restraining order was entered against the resident defendants, enjoining them from permitting any transfer of any stock standing on their books in the name of any of the nonresident defendants.

After the foregoing proceedings had been had and taken in the state court, the suit was removed to the United States District Court for the Western District of Missouri. All the nonresident defendants appeared specially and filed motions to vacate the order of the state court for service of process on them and the service purporting to have been made thereunder, to quash the order for attachment and the attachments and garnishments pursuant thereto. The resident defendants did not, of course, attack the service of process on them, but moved to dissolve the temporary restraining order and to dismiss the bill because it did not state facts sufficient to entitle plaintiff to any relief as against them. All of these motions were granted, resulting in the orders from which this appeal is taken.

From a careful and painstaking reading of the voluminous bill of complaint, it appears that there are four contracts, all dated December 31, 1930, involving the sale of either all or two-thirds of the capital stock of the resident defendant corporations and certain obligations owing by them. The Missouri Pacific Railroad Company executed these contracts as buyer, and Terminal Shares Inc., executed them as seller. The total purchase price to be paid was $20,334,-164, with interest from December 31, 1930. The contracts were drawn subject to the necessary approval or authorization of the Interstate Commerce Commission. The property described in the contracts was deposited in escrow with the defendant Guaranty Trust Company of New York. The railroad company had paid thereon $3,200,-000, in quarter annual installments of $400,-

000 each, the last payment being made December 31, 1932. Alleghany Corporation controlled the voting stock of the Missouri Pacific Company. O. P. Van Sweringen was chairman of the board of the Missouri Pacific Railroad Company and with his brother controlled Alleghany Corporation. The payment of $3,200,000 by the railroad company was made because of compulsion by Alleghany Corporation. All nonresident defendants had notice of the terms of the contracts. Terminal Shares, Inc., is insolvent.

The bill contains other allegations showing the relations, past and present, of the various defendants to the Missouri Pacific Railroad Company, to each other, and to the transactions involved, and their interest, if any, in the property against which plaintiff seeks to enforce a lien.

The bill charges that the contracts are invalid and unenforceable for the following reasons: (1) They were procured by fraud and coercion practiced on the Missouri Pacific Railroad Company, are improvident, unfair, unlawful, and overreaching and were executed by the railroad company because of the domination and control by the Alleghany Corporation over both the seller and buyer in the contracts, which violated the fiduciary duty owing the railroad company by Alleghany Corporation; (2) they are ultra vires on the part of the railroad company, in violation of sections 4546, 4555, 4654, 4655, 4659, 4666, Revised Statutes of Missouri 1929 (Mo.St.Ann. §§ 4546, 4555, 4654, 4659, 4666, pp. 1994, 1999, 2070, 2079, 2081), and sections 6 and 7, article 12, of the Missouri Constitution and of the railroad's charter; (3) they are in violation of the provisions of section 10 of the Clayton Act (title 15 U.S.C.A. § 20); (4) they were never submitted to the Interstate Commerce Commission for approval, as required by title 49 U.S.C.A. § 5 par. (2).

The bill asks a decree (1) for a rescision of the contracts; (2) that plaintiff had an equitable lien upon the property to the extent of the amount paid on the purchase price; (3) that defendants be required to account to plaintiff for payments made under the contracts; (4) that defendants be enjoined from transferring any shares of stock or obligations the subject-matter of the contracts; (5) that upon the equitable lien being decreed, the court order the property sold and the proceeds derived therefrom applied to the discharge of the lien.

An amended bill was filed by leave of court after process had been served and after defendants had entered their special or general appearances and filed their respective motions, but in our view of the issue presented, this amended bill cannot be considered because the jurisdiction of the court to make the order for substituted service must be tested by the facts as presented to the court at the time of the making of the order.

The nonresident defendants who, as already forecast, appeared specially and interposed the motions heretofore described, bottomed their motions upon the contentions that it appeared upon the face of plaintiff's bill that the relief sought was in equity and was of such nature that neither the lower court nor the state court from which said cause was removed had jurisdiction over the person of the defendants, and that neither of said courts had lawful right to compel the nonresident defendants, upon the service of process made outside of the state of Missouri, to defend in said suit; that under the statutes and decisions of the state of Missouri the issuance of an attachment or garnishment was illegal and void; that the property upon which the vendee's lien is sought to be enforced was personal property and that the interest of the nonresident defendants therein was not such as, under the laws of the state of Missouri and the decisions of that state, might be attached or garnisheed; that the suit being one in equity and not brought for partition, divorce, the foreclosure of a mortgage or deed of trust, or the enforcement of a mechanic's lien, or any other lien against either real or personal property, the statutes of Missouri did not authorize substituted service upon nonresident defendants; that the bill disclosed that the purported cause of action against the nonresident defendants was in personam; and that the immediate object of the bill was to procure an adjudication in personam against the nonresident defendants upon service of process without the state. The motions were all on substantially the same grounds.

On this appeal it is contended by plaintiff that the suit was one in rem to foreclose an existing vendee's or equitable lien on property within the jurisdiction of the court, and therefore it was error to dismiss the suit for lack of jurisdiction.

Exhaustive and searching briefs going to every phase of the alleged cause of action on its merits have been filed by the

respective parties. The issue, however, is confined to the sole question of whether the lower court acquired jurisdiction to decide a justiciable controversy between the parties, and this is dependent upon the nature of the cause of action alleged, and not whether the plaintiff may ultimately be entitled to the relief demanded. Jurisdiction is the authority to hear and determine a cause. It does not depend upon the regularity of the exercise of that power, nor upon the correctness of the decision made, for the power to decide necessarily carries with it the power to decide wrongly as well as the power to decide rightly. The parties must be brought before the court by proper pleadings according to the practice of the forum. But jurisdiction does not ordinarily rest upon the sufficiency of the averments of the pleadings. If the pleadings contain sufficient matter to challenge the attention of the court, and such a case is thereby presented as to authorize the court to deliberate and act, this is sufficient for the purpose of conferring jurisdiction.

The special appearance of nonresident defendants on their motion to quash the service of process does not, therefore, call for a determination of the sufficiency of the pleaded facts to state a good cause of action. Foltz v. St. Louis & S. F. Ry. Co. (C.C.A.8) 60 F. 316, 318; Binderup v. Pathe Exchange, 263 U.S. 291, 44 S.Ct. 96, 98, 68 L.Ed. 308; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716; Mosher v. Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148; Citizens' Sav. & T. Co. v. Illinois C. R. Co., 205 U.S. 46, 27 S.Ct. 425, 51 L.Ed. 703; Levering & Garrigues v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062; South Covington, etc., Ry. Co. v. Newport, 259 U.S. 97, 42 S.Ct. 418, 66 L.Ed. 842; Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Flanders v. Coleman, 250 U.S. 223, 39 S.Ct. 472, 63 L.Ed. 948; Thorburn v. Gates, 184 App. Div. 443, 171 N.Y.S. 568; O'Brien v. People, 216 Ill. 354, 75 N.E. 108, 112, 108 Am. St.Rep. 219, 3 Ann.Cas. 966; Sargent & Co. v. McHarg, 42 S.D. 307, 174 N.W. 742.

In Foltz v. St. Louis & S. F. Ry. Co., supra, this court, in an opinion by the late Judge Walter H. Sanborn, said:

"Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization to deal with the abstract question."

So, in Binderup v. Pathe Exchange, supra, it is said:

"A complaint, setting forth a substantial claim under a federal statute presents a case within the jurisdiction of the court as a federal court, and this jurisdiction cannot be made to stand or fall upon the way the court may chance to decide an issue *as to the legal sufficiency of the facts alleged* any more than upon the way it may decide as to the legal sufficiency of the facts proven. Its decision either way upon either question is predicated upon the existence of jurisdiction, not upon the absence of it. *Jurisdiction, as distinguished from merits, is wanting only where the claim set forth in the complaint is so unsubstantial as to be frivolous, or, in other words, is plainly without color of merit.* [Italics supplied.]"

In O'Brien v. People, supra, the Supreme Court of Illinois, in considering a similar question, said:

"Jurisdiction of the particular matter does not mean simple jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. State ex rel. v. Wolever, 127 Ind. 306, 26 N.E. 762; Jackson v. Smith, 120 Ind. 520, 22 N.E. 431; Fields v. Maloney, 78 Mo. 172; Dowdy v. Wamble, 110 Mo. 280, 19 S.W. 489. *Whether a complaint does or does not state a cause of action is, so far as concerns the question of jurisdiction, of no importance; for if it states a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches, and the court has power to decide whether the pleading is good or bad.* 1 Elliott's Gen. Practice, § 230; Hunt v. Hunt, 72 N.Y. 217, 28 Am. Rep. 129; Winningham v. Trueblood, 149 Mo. 572, 51 S.W. 399. Jurisdiction does not depend upon the rightfulness of the decision. It is not lost because of an erroneous decision, however erroneous that decision may be. * * * The allegations [of the bill of complaint] *sufficiently charge acts of the defendants to give the court jurisdiction to pass upon the sufficiency of the bill.* In such case, whether the court decided correctly or incorrectly could not affect the question of jurisdiction, nor the

duty of all persons having notice to obey the order until reversed by a court of competent jurisdiction." (Italics supplied.)

In the instant case, plaintiff in his bill of complaint seeks to establish and enforce an equitable lien upon personal property within the jurisdiction of the court, and the question for us to determine is whether that claim "is so unsubstantial as to be frivolous or, in other words, plainly without color of merit."

The Missouri statute under which plaintiff's pleading is brought (section 739, R.S. Mo.1929 [Mo.St.Ann. § 739, p. 959]) provides in part as follows:

"In suits in partition, divorce, attachment, suits for the foreclosure of mortgages and deeds of trust, and for the enforcement of mechanics' liens and all other liens against either real or personal property, and in all actions at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court, if the plaintiff or other person for him shall allege in his petition, or at the time of filing same, or at any time thereafter shall file an affidavit stating, that part or all of the defendants are non-residents of the state * * * the court in which said suit is brought * * * shall make an order directed to the non-residents or absentees, notifying them of the commencement of the suit," etc.

As has already been observed, the suit is for the enforcement of a lien upon personal property described in the bill of complaint, and which for the most part is stock in the Missouri corporations. The stock in these corporations was personal property (section 4549, R.S.Mo.1929 [Mo. St.Ann. § 4549, p. 1996]), as were also the obligations described (sections 4475, 4476, 4479, R.S.Mo.1929 [Mo.St.Ann. §§ 4476, 4479, pp. 3071, 3072]). For the purpose of this suit, the shares of stock in the Missouri corporation had a situs within that state. Jellenik v. Huron Copper Min. Co., 177 U. S. 1, 20 S.Ct. 559, 563, 44 L.Ed. 647; Franz v. Buder (C.C.A.8) 11 F.(2d) 854; Beal v. Carpenter (C.C.A.8) 235 F. 273; Harvey v. Harvey (C.C.A.7) 290 F. 653; Patterson v. Farmington St. Ry. Co., 76 Conn. 628, 57 A. 853; Andrews v. Guayaquil & Q. R. Co., 69 N.J.Eq. 211, 60 A. 568; Sargent & Co. v. McHarg, 42 S.D. 307, 174 N.W. 742, 743. This suit involves a claim asserted against the stock of these Missouri corporations.

In Jellenik v. Huron Copper Min. Co., supra, in which the statutes of Michigan are involved, it is said:

"As the habitation or domicil of the company is and must be in the state that created it, the property represented by its certificates of stock may be deemed to be held by the company within the state whose creature it is, whenever it is sought by suit to determine who is its real owner."

In Sargent & Co. v. McHarg, supra, there was involved a suit which sought to oust the trustees under a voting trust agreement affecting stock issued by a South Dakota corporation. Constructive service was had upon the nonresident defendants, and they appeared specially and moved to quash the service. In principle the case is very like the suit at bar. In the course of the opinion it is, among other things, said:

"We assume, from a reading of Tudor's affidavit in support of his motion, that he concedes—what clearly is the law—that, if the subject-matter of this action is personal property situate in this state and in which he had, or claimed, an interest, the trial court acquired jurisdiction to grant such of the relief prayed for as would affect such interest. Section 2338, Rev.Code 1919. That Tudor, the holder of the legal title to and possessed of the power to vote the stock in question, had an interest in such stock seems too clear for question. This is evident from the fact that, after the creation of the trust, one of the rights of plaintiff which was incident to and based upon ownership of stock—the right to vote same— had passed from him to the trustees. Where is the situs of this stock? It is alleged, in the moving affidavit, that the Commonwealth Finance Corporation has no property in this state. As said in Andrews v. Guayaquil & Q. Ry. Co., 69 N.J.Eq. 211, 60 A. 568: 'His general denial that the property is located here is the mere statement of an erroneous legal conclusion. If the company is a New Jersey company, then the situs of its stock is in New Jersey, and any question relating to it may be determined here.'

"Whether its assets were in this state or somewhere else is entirely immaterial. The fact remains that its stock is property, whatever its value may be, and the situs of such property is in this state. This is so

conclusively settled by authority as to be beyond quibble. * * *

"The relief sought in this case, except it be the injunctional relief, is purely in rem—to determine who should hold the legal title to the stock and have the power to vote same. It is as purely an in rem action as an action to determine a right, title, or interest claimed in any other personal property."

We conclude that as to the defendants in this suit who were non-residents, substituted service was permissible and the court acquired jurisdiction to determine the rights of the parties with reference to the property sought to be subjected to lien. In these circumstances we do not think it necessary nor proper to consider the merits of plaintiff's cause of action, and we express no opinion upon the many issues elaborately and learnedly presented by counsel for the respective parties. We hold that the suit is not in personam, but in rem, or quasi in rem, and the claim set forth in the bill of complaint is neither unsubstantial nor frivolous, nor "plainly without color of merit"; that the equitable lien ex aequo et bono claimed by plaintiff has such a foundation in law as to constitute a "lawful right" within the meaning of the above-quoted Missouri statute; that it appears from an examination of the bill that it is of such nature that the state court was authorized to enter its order for substituted or constructive service of process; and that upon the service made pursuant to such order, the state court acquired jurisdiction of the subject-matter, and when the cause was removed to the United States District Court that court in turn acquired jurisdiction, and the merits of plaintiff's suit, whatever they may be, whether dependent upon issues of law or issues of fact, or both, should be considered and determined by the court upon trial of the suit.

It remains to consider the action of the court in dismissing the bill on the motion of the resident defendants. The principal relief sought in the bill is against the non-resident defendants, and if no relief could be enforced against them, then, confessedly, none could be enforced against the resident defendants. The lower court, being of the view that it had not acquired jurisdiction to determine the substantial issues in the case, dismissed the bill as to the resident defendants as a matter of course. These parties were made defendants for the purpose of maintaining the status of the property and to render such property subject to any decree that might be entered.

For reasons already stated, it would be inappropriate for us to assume to pass upon the question of the sufficiency of the facts stated in the bill of complaint to entitle plaintiff to the relief sought. As the case must be remanded for further proceedings, however, we think it proper to say, in the interest of an orderly and speedy disposition of the issues, that we are of the view that the case is not one which can satisfactorily be disposed of on motion to dismiss the bill for want of equity. As said by us in Winget v. Rockwood, 69 F.(2d) 326, 329:

"A suit should not ordinarily be disposed of on such a motion unless it clearly appears from the allegations of the bill that it must ultimately, upon final hearing, be dismissed. To warrant such dismissal, it should appear from the allegations that a cause of action does not exist, rather than that a cause of action has been defectively stated. * * * That rule of procedure should be followed which will be most likely to result in justice between the parties, and, generally speaking, that result is more likely to be attained by leaving the merits of the cause to be disposed of after answer and the submission of proof, than by attempting to deal with the merits on motion to dismiss the bill."

Being of the opinion that the court acquired jurisdiction of this case and that the resident defendants are proper parties, and that the status of the property should be preserved pending the suit, the judgment of dismissal as to the resident defendants and the order dissolving the restraining orders is set aside; the decree of dismissal as to the nonresidents and the orders quashing service of process upon them, appealed from, are reversed, and the cause is remanded to the lower court for further proceedings consistent herewith.