**GALDI et al. v. JONES et al.**

No. 269.

Circuit Court of Appeals, Second Circuit.

April 4, 1944.

¹ These sections read as follows:

"Sec. 3470. Voluntary dissolution. Whenever the directors of a corporation shall vote to terminate its corporate existence, they shall forthwith call a special meeting of the stockholders, to be held not less than thirty nor more than forty days from the date of such call. Such call shall contain a copy of such vote and shall be published once a week for four weeks next preceding such meeting, in a newspaper of this state having a circulation in the town where such corporation is located, and a copy of such call shall be sent by mail to the last known address of each stockholder. If, at such meeting of the stockholders, three-fourths of the total number of shares of the issued and outstanding capital stock of each class shall vote to confirm such vote of the directors, the directors shall proceed forthwith to wind up the affairs of such corporation. If every stockholder shall sign and acknowledge, before an officer authorized to take acknowledgments of deeds, an agreement among the stockholders that the corporate existence of such corporation shall be terminated, the vote of the directors and the confirming vote of the stockholders aforesaid may be dispensed with."

"Sec. 3471. Directors as trustees. The directors of a corporation whose existence is to be terminated pursuant to the vote or assent of its stockholders as provided in the preceding section shall be trustees to close up the business of such corporation. They shall forthwith prepare an inventory of its assets, make a list of its creditors, with the amount due to each and collect its bills and accounts receivable. They shall, within two weeks after the date of the stockholders' vote of confirmation or agreement to dissolve the corporation, send a written notice of the proposed dissolution to each known creditor of such corporation warning him to present his claim and

stating to whom and at what place such claim may be presented. They shall, in such notice, limit the time within which such claims shall be presented, which shall not be less than four months after the date of such stockholders' vote or agreement. They shall also publish, in some newspaper published in this state and having a circulation in the town where such corporation is located, a copy of such notice. Within one year from the date of such stockholders' vote or agreement the trustees shall sell all of the property of such corporation, except money and uncollected accounts in litigation, at private sale or public auction. As soon as practicable, the trustees shall pay, in full or pro rata, all claims against such corporation which have been allowed by them or which may be found to be due by any proper tribunal, and shall distribute the balance of the assets, if any, among the stockholders of such corporation. The directors shall forthwith make a list of its debtors, with the amounts due from each, and shall file a copy of such list, with a copy of such inventory, and a copy of the list of creditors with the clerk of the superior court in the county in which such corporation is located, and at least once in three months thereafter shall file with said clerk a statement showing the creditors paid with the amounts paid to each, the amount collected from each debtor and the sale or other disposition of the assets, with the amount received for each item of assets, during the previous three months. Such copies and statements shall be filed by the clerk of said court and indexed, and shall be open to the inspection of any stockholder or any person interested in such corporation, during business hours, and any person may make copies of the same or of any part thereof."

"Sec. 1133e. Notwithstanding the foregoing provisions for sale within one year of the property of the corporation and the provision for distribution of the assets, the trustees, subject to payments in cash of all proved claims against it and of all expenses of dissolution, may, upon agreement of all stockholders filed in writing with the trustees, extend the period for sale of its property not necessary for such payment, and for distribution of the balance of its assets, and may distribute any part of the balance of the assets among the stockholders, either in cash or in property other than cash or partly in cash and partly in property, as all of the stockholders may so request or agree from time to time. Such trustees, within fifteen days, shall file such agreement in the office of the secretary of the state and, if in proper form, it shall be marked 'received' and filed, upon the payment of a fee of two dollars. (b) The provisions of this section shall apply to all corporations which are or shall be in process of dissolution by virtue of section 3471."

"Sec. 3472. Supervision by court. Such trustees may, in their discretion, bring their application to the superior court for the county within which such corporation is located, or to any judge of the superior court when said court shall not be in session, setting forth the facts of such proposed dissolution and praying the court, or such judge, to limit a period within which all claims against such corporation shall be presented, and said court or such judge may make an order limiting the time within which claims shall be presented, which shall not be less than four months from the date of such order. Such trustees shall proceed to wind up the affairs of the corporation, in accordance with the provisions of the preceding section, under the direction of the court in the same manner as if they were receivers. The court may, for cause shown, extend the period within which the trustees shall sell the property of the corporation."

"Sec. 3473. When claims barred. All claims not presented within the time limited in accordance with the provisions of sections 3471 and 3472 shall be barred, and any claims so presented and disallowed by such trustees shall be barred unless the owner thereof shall commence an action to enforce the same within four months after such trustees shall have given him written notice of its disallowance."

"Sec. 3474. Creditors not to interfere with trustees but may apply for a receiver. No creditor shall, by attachment or by any process or proceeding, interfere with the custody, control or disposition of the property of the corporation by its directors acting as trustees for the winding up of the corporate affairs; but any creditor, pending such winding up, may apply to the superior court in the county in which the corporation is located, or to a judge thereof when said court shall not be in session, for the appointment of a receiver of such property on the ground of fraud, mismanagement or

incompetency of such trustees, and said court or such judge, upon finding that such trustees are incompetent or have been guilty of fraud or mismanagement in the discharge of their duties, shall appoint such receiver and the powers of such trustees shall thereupon terminate. Nothing herein contained shall prevent any person from establishing any claim against such corporation by an action at law, or shall prevent the foreclosure of any lien or mortgage existing at the time of such vote or assent to dissolve."

"Sec. 3475. Certificates concerning dissolution. Whenever the stockholders shall, by vote or written assent, agree to the dissolution of a corporation, a majority of the directors shall make, sign and swear to and file in the office of the secretary of the state a certificate that such stockholders' vote has been passed or such assent given, and stating the address to which claims against such corporation may be sent, and such secretary shall thereupon record such certificate in a book kept by him for such purpose. Such certificate shall be filed within four weeks after the date of such vote or the completion of such assent, as the case may be. When the directors have completed their duties as trustees as aforesaid, a majority of them shall make, sign and swear to and file in the office of the secretary of the state a further certificate stating that the directors have completed their duties in winding up the affairs of such corporation and have sold or collected its assets and distributed the same, and the manner of such distribution. The secretary shall examine such certificate, and, if he shall find that it conforms to law, shall indorse thereon the word 'Approved,' with his name and official title, and shall thereupon record such certificate in a book kept by him for such purpose. When such certificate has been approved by the secretary, the existence of such corporation shall terminate."

"Sec. 1134e. (a) Whenever used in this section, unless the context shall otherwise require, the word 'corporation' shall mean any corporation, joint stock company or association, or representative thereof; the words 'domestic corporation' shall mean any corporation organized in or chartered by the state of Connecticut; the words 'foreign corporation' shall mean any corporation organized in or chartered by any other state or government of the United States, including any district, territory or other dependency thereof, or by any foreign country; the word 'commissioner' shall mean the state tax commissioner; and the word 'tax' shall mean the whole, or any instalment or part, of any tax, excise, fee or license and any interest, penalty and other legal accumulation thereon, payable to the commissioner, for which any corporation shall be liable. (b) The secretary of the state shall not approve the certificate of final dissolution of any domestic corporation or of withdrawal of any foreign corporation unless such certificate shall be accompanied by an up-to-date statement from the commissioner showing, to the best of his knowledge and belief, as of the date of such statement, either that such corporation shall have paid all its taxes; that such corporation was not liable for any taxes; or that such corporation shall have made adequate provision, with such surety as shall be satisfactory to the commissioner, for the future payment of any unpaid taxes as of the date of such certificate. This requirement shall apply to all certificates of final dissolution and of withdrawal filed after April 3, 1939, under the provisions of this section 3475 or of any other general statute or special act."

"Sec. 581f. The secretary of the state shall not approve the certificate of final dissolution of any domestic corporation or of withdrawal of any foreign corporation unless such certificate shall be accompanied by an up-to-date statement from the commissioner and the administrator of the unemployment compensation law showing, to the best of his knowledge and belief, as of the date of such statement, either· that such corporation shall have paid all its taxes; that such corporation was not liable for any taxes; or that such corporation shall have made adequate provision, with such surety as shall be satisfactory to the commissioner and to the administrator, for the future payment of any unpaid taxes as of the date of such certificate."

leged nominees. 5. as to Paragraph 30 of the amended complaint by stating more particularly the times and nature of the actions of the directors, officers, and employees of Rossia and First Reinsurance which the defendant Northeastern is charged with causing. 6. as to Paragraphs 32 and 33 of the amended complaint by stating more particularly as to time and manner the claims set forth therein. 7. as to Paragraph 34 of the amended complaint by identifying the transactions in which interests of Rossia and First Reinsurance are alleged to have been (a) withheld, (b) appropriated, and (c) utilized and by describing concisely the time and nature of the course of conduct alleged in Paragraph 34(d). 8. as to Paragraphs 35 and 36 of the amended complaint by stating the dates of the offers and rejections alleged, with a description sufficient to identify the offers. 9. as to Paragraph 37 of the amended complaint by setting forth more particularly the times and nature of the acts of the defendants alleged to have been undertaken with a further view to suppressing competition against Northeastern, and by setting forth more particularly the times and nature of the acts of defendants alleged to have been undertaken as agents and in the interest of Northeastern. 10. as to Paragraph 38 of the amended complaint by setting forth more particularly the times and nature of the acts therein alleged to be fraudulent in the transfer of the assets of First Reinsurance to Northeastern and in the winding up of the business of First Reinsurance. 11. as to Paragraph 40 of the amended complaint by setting forth more particularly the agency and contractual relations therein charged to have become the source of business to Northeastern through the wrongful and improper acts of the individual defendants. 12. as to Paragraph 41 of the amended complaint by setting forth the identity of the individuals alleged therein to have improperly received funds of Rossia and/or First Reinsurance, and the times of the payments charged. 13. as to Paragraph 44 of the amended complaint by setting forth the times and nature of the dissipation and waste of assets charged to be the object of conspiracy. 14. as to Paragraph 64 of the amended complaint by stating with particularity the times and nature of the acts of the defendants as liquidating trustees constituting fraud and mismanagement."

2a He held that the complaint must be made more specific: "1. as to Paragraph 12 of the amended complaint by setting forth the dates and a description sufficient to identify the communications described therein. 2. as to Paragraph 19 of the amended complaint by particularizing the personal interests, and interests as liquidating trustees alleged to conflict. 3. as to Paragraph 22 of the amended complaint by particularizing the claim that Northeastern assumed a position of trust, to indicate the time and nature of the claimed assumption, whether a conclusion from the other claims set forth in the complaint, or an attempt to set forth a claim based on some other facts. 4. as to Paragraph 23 of the amended complaint by giving times and identity of al-

Maurice J. Dix and Henry W. Pollock, both of New York City (Vincent P. Dooley, of New Haven, Conn., Robinson & Dooley, of New Haven, Conn., and Isadore Chaplowe, all of New Haven, Conn., of counsel), for plaintiffs.

Henry L. Shepherd, of Hartford, Conn. (Hewes, Prettyman & Awalt, of Hartford, Conn., of counsel), for defendants.

Before CHASE, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. Smythe was not an indispensable party. If such a suit as this had been brought prior to the dissolution vote, it surely would not have been necessary to join him as a director in order to enable the court to grant complete relief. Sections 3470–3475 of the Connecticut statutes do not so substantially add to the powers of the directors as to call for a different result. To be sure, those statutory provisions gave the directors power, on behalf of the corporation, to sell the corporate assets without the consent of the stockholders. But before the dissolution vote, the directors had that same power, provided the requisite number of stockholders validly consented. The liquidation provisions of the statute merely eliminated the necessity of obtaining that consent. That they refer to the directors as "trustees," when acting in connection with liquidating, does not make the directors such in any real sense. United States v. Krueger, 3 Cir., 121 F.2d 842, 844, certiorari denied 314 U.S. 677, 62 S.Ct. 185, 86 L.Ed. 542. While we find no Connecticut decisions directly in point we have seen none which call for a different conclusion.[2b]

■ But even if we otherwise interpreted the Connecticut decisions, we would reach the same result. For, in order to enable a receiver appointed by the federal court to liquidate the corporate assets, it will be necessary merely to restrain the majority of the liquidating directors from interfering with the receiver and to order them to refrain from continuing with their liquidation.[3] Cf. Vreeland v. Irving, 91 Conn. 272, 99 A. 574. As all the other directors were citizens of Connecticut and before the court, Smythe was, therefore, on that ground, not indispensable. See Consolidated Textile Corp. v. Dickey, 5 Cir., 269 F. 942, 945, 946. 2 Moore, Federal Practice, 2154.

■ Accordingly, the joinder of Smythe as a defendant and the prayer that he be enjoined should have been regarded, for jurisdictional purposes, as surplusage.[3a] See F. R. C. P. 54(c).

---

[2b] We have examined the following cases, being all those cited by the lower court, appellant and appellee: Barber v. International Company of Mexico, 73 Conn. 587, 48 A. 758; Cogswell v. Second National Bank, 76 Conn. 252, 56 A. 574; New York, B. & E. Ry. Co. v. Motil, 81 Conn. 466, 71 A. 563; Sheehy v. Barry, 87 Conn. 656, 89 A. 259; De Nunzio v. De Nunzio, 90 Conn. 342, 97 A. 323; Vreeland v. Irving, 91 Conn. 272, 99 A. 574; In re Litchfield County Agricultural Society, 91 Conn. 536, 100 A. 356; Willmann v. Walsh, 96 Conn. 79, 112 A. 804; Reilly v. Antonio Pepe Co., 108 Conn. 436, 143 A. 568; Van Tassel v. Spring Perch, 113 Conn. 636, 155 A. 832; Masterson v. Lenox Realty Co., 127 Conn. 25, 15 A.2d 11.

[3] Vreeland v. Irving, 91 Conn. 272, 99 A. 574.

Section 3475 provides that "when the directors have completed their duties" in liquidating the company, a "majority of them" shall sign and file a certificate to that effect.

[3a] Cf. Walden v. Skinner, 101 U.S. 577, 589, 25 L.Ed. 963; Wood v. Davis, 18 How. 467, 469, 15 L.Ed. 460; Waterman v. Canal-Louisiana Bank, 215 U.S. 33, 45, 30 S.Ct. 10, 54 L.Ed. 80; Drumright v. Texas Sugarland Co., 5 Cir., 16 F.2d 657, 658; Anglo-California Nat. Bank v. Lazard, 9 Cir., 106 F.2d 693, 700.

Compare cases where a complaint in a suit quasi in rem under former § 57 of the Judicial Code, now 28 U.S.C.A. § 118, states the facts necessary to maintain such an action, but also seeks relief in personam against non-residents which cannot be granted unless they enter their general appearance; such a prayer for relief in personam, on a motion to dismiss for want of jurisdiction, has been regarded as surplusage. Thus in Jellenik v. Huron Copper Mining Co., 177 U.S. 1, 20 S.Ct. 559, 44 L.Ed. 647, jurisdiction was sustained where the bill sought relief quasi in rem as to property within the district although the bill prayed (177 U. S. at page 7, 20 S.Ct. 559, 44 L.Ed. 647) that nonresident directors, who were not

Finally, the death of Smythe renders the matter academic. For patently diversity of citizenship between plaintiffs and all the remaining defendants now exists.

2. Both the "causes of action" are stockholders' actions within F. R. C. P. 23(b) which is, in effect, merely a continuation of former Equity Rule 27, 28 U.S.C.A. § 723 Appendix. The history of 23(b) makes it plain that the requirements of 23 (a)—as to the existence of a numerous class, adequate representation of the class and the like—do not apply to such actions.[3b] In holding otherwise, the lower court was in error.[4]

3. So, too, was it in error in its ruling that plaintiffs' allegation as to ownership of their stock was insufficient. That allegation follows the precise language of Rule 23(b)[5] and that is enough, at least on a motion to dismiss. If defendants wish to obtain a more definite statement—which, should it, by particularizing, show a substantial non-compliance with 23(b)—they can do so under Rule 12(e)[6] or, preferably, by interrogatories, deposition or discovery.[7]

4. The allegations as to the reasons for not making a demand for corporate action before beginning this suit were sufficient. Section 3469 of the Connecticut statutes has no pertinence here, since it bears solely on procedure. Tower-Hill-Connellsville Coke Co. v. Piedmont Coal Co., 4 Cir., 64 F.2d 817, 828, 91 A.L.R. 648, certiorari denied, 290 U.S. 675, 54 S.Ct. 93, 78 L.Ed. 582; cf. Alexander v. Hillman, 296 U.S. 222, 224, 234, 237, 56 S.Ct. 204, 80 L.Ed. 192; Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763.

5. The foregoing shows that the trial court erred in respect of several of the items concerning which he required plaintiffs to amend in order to avoid dismissal. As to the rest of those items, when the case is again in the district court, the trial judge may well consider it desirable not to require such amendments of the complaint, involving evidentiary details,[8] but instead to allow the defendants to seek the desired information by other means available under the Rules.[9]

6. Plaintiffs complain that the trial judge, by an ex parte order, enlarged defendants' time to move or plead; but such an order may be made under F. R. C. P. 6(b) "for cause shown," and it does not adequately appear here that no sufficient cause was shown. Plaintiffs also complain that the defendants' notice of motion was defective bceause it failed to specify that they were bringing the motion under Rule 41; but that was quite unnecessary—the motion itself showed clearly that it was brought not only under different subdivisions of Rule 12, but also under Rule 41(b), and no citation of rules by their respective numbers is required. If plaintiffs were surprised, they should have asked for an adjournment. Other objections made by plaintiffs we need not discuss, since, in the light of our decision, they are academic.

Reversed and remanded.

---

personally served and who did not enter a general appearance, be restrained from intermeddling with the business of the company and that they be decreed to pay damages for losses occasioned by their wrongful acts. See also Thompson v. Terminal Shares, 8 Cir., 89 F.2d 652, 654; Harvey v. Harvey, 7 Cir., 290 F. 653; Sargent & Co. v. McHarg, 42 S.D. 307, 174 N.W. 742, 743; Clark v. Wells, 203 U.S. 164, 173, 27 S.Ct. 43, 51 L.Ed. 138.

3b The Committee's comments on 23 (b) state that it is "Equity Rule 27 * * * with verbal changes." Under that former rule, a single stockholder or a few stockholders could sue without any such showing as is required by F.R.C. P. 23(a). Carter v. Carter Coal Co., 298 U.S. 238, 286, 56 S.Ct. 855, 80 L.Ed. 1160; Ashwander v. T. V. A., 297 U.S. 288, 318, 56 S.Ct. 466, 80 L.Ed. 688. (Cf. Case v. Los Angeles Lumber Co.,

308 U.S. 106, 114, 115, 60 S.Ct. 1, 84 L. Ed. 110, as to the smallness of a claim by a creditor objecting to a plan of reorganization.)

4 That plaintiffs themselves called the second "cause of action" a "class suit" is unimportant.

5 That such an allegation is necessary, see Gallup v. Caldwell, 3 Cir., 120 F.2d 90; Piccard v. Sperry Corp., 2 Cir., 120 F.2d 328.

6 See Krouse v. Brevard-Tannin Co., 4 Cir., 249 F. 538, 542; 2 Moore, Federal Practice, 2276.

7 For a searching criticism of the misuse of Rule 12(e), see 1 Moore, Federal Practice, 1942 Supplement, 634-650.

8 See F.R.C.P. 8(a); 1 Moore, loc. cit., 438-447, 450-451, 546, 554, and 1942 Supplement, 538, 575-582; Clark, Simplified Pleadings, 2 F.R.D. 456.

9 See footnote 7.